UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10028 |
| | : | CHAPTER 13 |
| SHARON E. JOHNSON, DEBTOR | : | |
| | : | |
| SHARON E. JOHNSON, Movant | : | DOCUMENT NO.44 |
| VS. | : | |
| ERIE COUNTY TAX CLAIM BUREAU,: | | |
| Respondent | : | |

MEMORANDUM

Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on January 16, 2006. The Erie County Tax Claim Bureau ("TCB") has filed an amended proof of claim which asserts a secured claim for delinquent real estate taxes in the amount of $1,964.15. The total amount is broken down into the face amount of the taxes, $1,753.77; costs, $35; and penalty, $175.38. Before the Court is Debtor's objection to the TCB claim. Debtor asserts that the penalty portion of the claim, $175.38, does not represent compensation for actual pecuniary loss and therefore is "not entitled to receive priority treatment under the terms of the confirmed Chapter 13 Plan of a Debtor and should be allowed only as a general, unsecured claim."

The TCB responds that it has not asserted its penalty claim as a priority claim, but as part of its secured claim.

The real estate taxes are a first lien on Debtor's real estate. 53 P.S. §7102. When a taxpayer fails to make timely payment of the taxes, the taxpayer "shall be charged a penalty of up to ten per centum which penalty shall be added to the taxes by the tax collector and be collected by him." 72 P.S. §5511.10. Thus, at the time of the bankruptcy filing, the entire amount due to the TCB including the prepetition penalties was a secured claim. In re Nunez, 317 BR 666 (Bankr. ED PA 2004); In re Murphy, 279 BR 163 (Bankr. MD PA 2002). Since the TCB has a

secured claim for the entire amount, we cannot find that the TCB claim is also an unsecured claim addressed in 11 U.S.C. §507(a)(8) since a secured claim is not addressed by the priority provisions of 11 U.S.C. §507 In re Grabow (Bankr. ED WI 2005). In re McKissick, 197 BR 206 (Bankr. MD PA 1996).

Debtor directs our attention to United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 109 S.Ct. 1026, 103 L. Ed. 2d 290 (1989).

> Ron Pair held that "in the absence of an agreement" post-petition fees, costs and charges (such as penalties) are not allowed by § 506(b). Debtors assert that the penalties in their case were imposed under the Internal Revenue Code and not under a consensual agreement, and so Ron Pair would prohibit them from being treated as a secured claim. However, Ron Pair does not control here because it dealt with post-petition penalties, while those involved in this case appear to be wholly pre-petition.

In re Murphy, 279 BR at 164.

Similarly, all of the amounts claimed by the TCB arose prepetition.

For the above reasons, Debtor's objection to the allowance of the claim of the TCB will be refused.

_____
Warren W. Bentz
United States Bankruptcy Judge

c: Michael J. Graml, Esq.
George Joseph, Esq.
Ronda J. Winnecour, Esq.



**FILED**

NOV 17 2006

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10028 |
| | : | CHAPTER 13 |
| SHARON E. JOHNSON, DEBTOR | : | |
| | : | |
| SHARON E. JOHNSON, Movant | : | DOCUMENT NO.44 |
| VS. | : | |
| ERIE COUNTY TAX CLAIM BUREAU,: | | |
| Respondent | : | |

### ORDER

This __17th__ day of November, 2006, in accordance with the accompanying Memorandum, it is ORDERED that the MOTION OF SHARON E. JOHNSON OBJECTING TO THE ALLOWANCE OF THE CLAIM OF ERIE COUNTY TAX CLAIM BUREAU PURSUANT TO 11 U.S.C. § 502 AND BANKRUPTCY RULE 3007 is REFUSED.

_____
Warren W. Bentz
United States Bankruptcy Judge

c: Michael J. Graml, Esq.
George Joseph, Esq.
Ronda J. Winnecour, Esq.



**FILED**
NOV 17 2006
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE